**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rick Still, Donice Still, Christine Orr and Terry Orr, Appellants,

v.

South Carolina Department of Health and Environmental Control, Lisa Sumerel, and Sumerel Poultry Farm, Respondents.

Appellate Case No. 2015-000700

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2017-UP-068
Heard December 7, 2016 – Filed February 8, 2017

**AFFIRMED**

Joseph Owen Smith, of Roe Cassidy Coates & Price, PA, of Greenville, for Appellants.

Thomas Erskine Hite, III, of Hite and Stone, of Abbeville, for Respondents Lisa Sumeral and Sumerel Poultry Farm; Jacquelyn Sue Dickman and Stephen Philip Hightower, both of Columbia, for Respondent

South Carolina Department of Health and Environmental Control.

_____

**PER CURIAM:**  Rick and Donice Still and Christine and Terry Orr (collectively, Appellants) appeal the Administrative Law Court's (ALC's) decision affirming the Department of Health and Environmental Control's (DHEC's) grant of a permit to Lisa Sumerel to operate Sumerel Poultry Farms in proximity to the Appellants' property.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.   As to Appellants' expert's testimony regarding the live weight issues: S.C. Code Ann. § 1-23-610(B)(a)-(f) of the South Carolina Code (Supp. 2016) (providing the appellate court may reverse or modify the ALC's decision if the substantive rights of a party have been prejudiced due to constitutional or statutory violations; an agency exceeding its authority; unlawful procedure; an error of law; a clearly erroneous view of evidence in the record; or an abuse of discretion); *Murphy v. S.C. Dep't of Health & Envtl. Control*, 396 S.C. 633, 639, 723 S.E.2d 191, 194 (2012) (indicating with regard to factual issues, the ALC's findings should be affirmed if they are supported by substantial evidence in the record); *id.* at 639, 723 S.E.2d at 194-95 ("When finding substantial evidence to support the ALC's decision, the [c]ourt need only determine that, based on the record as a whole, reasonable minds could reach the same conclusion."); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."); *Leventis v. S.C. Dep't of Health & Envtl. Control*, 340 S.C. 118, 136, 530 S.E.2d 643, 653 (Ct. App. 2000) (stating the DHEC Board's findings are presumptively correct and the challenging party bears the burden of proving the issuance of a permit is clearly erroneous in view of the substantial evidence on the whole record); *Bryant v. Levy*, 196 S.W.3d 166, 173 (Tex. App. 2006) ("[T]here must be a comparison of apples to apples, not apples to oranges, before the findings are probative.").

2.  As to the exclusion of Appellants' expert's testimony regarding Agrametrics: *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) (stating the admission or exclusion of expert testimony or evidence in general is a matter within the sound discretion of the trial court); *id.* at 26, 609 S.E.2d at 509 ("A trial court's ruling on the admissibility of an expert's testimony constitutes an

abuse of discretion when the ruling is manifestly arbitrary, unreasonable, or unfair."); *id.* ("To warrant reversal, an appellant must prove error and resulting prejudice.").

3.  As to the live weight used in the Comprehensive Nutrition Management Plan being hearsay: *State v. Kirton*, 381 S.C. 7, 43, 671 S.E.2d 107, 125-26 (Ct. App. 2008) (finding the failure to raise a contemporaneous objection to hearsay testimony rendered the issue unpreserved for appellate review); *State v. Ladner*, 373 S.C. 103, 111, 644 S.E.2d 684, 688 (2007) (indicating in the absence of an anticipatory objection immediately prior to testimony, a contemporaneous hearsay objection must be made to preserve the issue for review).

4.  As to Appellants' remaining issues: § 1-23-610(B)(a)-(f) (providing the appellate court may reverse or modify the ALC's decision if the substantive rights of a party have been prejudiced due to constitutional or statutory violations; an agency exceeding its authority; unlawful procedure; an error of law; a clearly erroneous view of evidence in the record; or an abuse of discretion); *Murphy*, 396 S.C. at 639, 723 S.E.2d at 194 (indicating with regard to factual issues, the ALC's findings should be affirmed if they are supported by substantial evidence in the record); *id.* at 639, 723 S.E.2d at 194-95 ("When finding substantial evidence to support the ALC's decision, the [c]ourt need only determine that, based on the record as a whole, reasonable minds could reach the same conclusion."); *Olson*, 379 S.C. at 63, 663 S.E.2d at 501 ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."); *Leventis*, 340 S.C. at 136, 530 S.E.2d at 653 (stating the DHEC Board's findings are presumptively correct and the challenging party bears the burden of proving the issuance of a permit is clearly erroneous in view of the substantial evidence on the whole record); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 34-35, 766 S.E.2d 707, 718 (2014) ("[T]he deference doctrine properly stated provides that where an agency charged with administering a statute or regulation has interpreted the statute or regulation, courts, including the ALC, will defer to the agency's interpretation absent compelling reasons.  We defer to an agency interpretation unless it is 'arbitrary, capricious, or manifestly contrary to the statute.'" (quoting *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984))).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**